UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHI TAGUE JONES, | ) 1:13-cv—00472-BAM-HC |
| | ) |
| Petitioner, | ) ORDER DIRECTING PETITIONER TO |
| | ) FILE A SUPPLEMENT TO THE PETITION |
| | ) CONTAINING A VERIFICATION NO |
| v. | ) LATER THAN THIRTY (30) DAYS AFTER |
| | ) THE DATE OF SERVICE OF THIS ORDER |
| COPENHAVER, Warden, | ) (Doc. 1) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on April 1, 2013.

I. Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary

1

review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

   II.   Petitioner's Failure to Verify the Petition

The petition is signed and is "Respectfully submitted under penalty of perjury," but is not declared to be true under penalty of perjury.  (Pet. 4.)  Rule 2(c)(5) of the Rules Governing Section 2254 Cases (Habeas Rules) requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the

2

petitioner...."  The Rules Governing Section 2254 Cases may be applied to petitions brought pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

   III.   Order to Submit a Supplement to the Petition

   In light of the difficulty in having Petitioner submit an entirely new petition because the petition was not signed under penalty of perjury, Petitioner is DIRECTED to submit to this Court no later than thirty (30) days after the date of service of this order a document entitled "Supplement to the Petition" that is labeled with the case number of the present proceeding.  The supplement is to consist of a declaration made in conformity with 28 U.S.C. § 1746 in which Petitioner declares under penalty of perjury under the laws of the United States of America that the matters alleged in the petition filed in this proceeding on April 1, 2013, are true and correct.  The declaration must indicate the date it was executed, and it must be signed by Petitioner.  See 28 U.S.C. § 1746.[1]

---

[1] Title 28 U.S.C. § 1746 provides:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States:

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

                    (Signature)".

3

Petitioner is INFORMED that a failure to comply timely with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110, and it will result in dismissal of the action.

IT IS SO ORDERED.

Dated: **April 4, 2013**     /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE

---

(2) If executed within the United States, its territories, possessions, or commonwealths:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

4