UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHI TAGUE JONES,<br><br>          Petitioner,<br><br>     v.<br><br>COPENHAVER, Warden,<br><br>          Respondent. | Case No. 1:13-cv-00472-BAM-HC<br><br>ORDER DENYING RESPONDENT'S REQUEST TO TRANSFER THE PETITION (DOC. 17)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 17) AND DISMISSING THE PETITION (DOCS. 1, 7) OR, ALTERNATIVELY, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (DOCS. 1, 7)<br><br>ORDER DIRECTING THE ENTRY OF JUDGMENT FOR RESPONDENT |

Petitioner is a prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on April 19, 2013, and on behalf of Respondent on June 24, 2013.

Pending before the Court is the Respondent's motion to dismiss the petition, which was filed on October 4, 2013, and served by mail

1

on Petitioner. Although the time for filing opposition to the motion has passed, no opposition has been filed.

I. Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241. Habeas Rule 1(b). Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the

Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody. Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996). However, in light of the broad language of Rule 4, it has been held in this circuit that motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable claim under federal law, O'Bremski v. Maas, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982). Analogously, a motion to dismiss a petition for a lack of subject matter jurisdiction is appropriate in the present proceeding because this Court has a duty to determine its own jurisdiction in advance of determining the merits of the petition. Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009), cert. den., 130 S.Ct. 75 (2009).

II. Jurisdiction and Request for Transfer

A. Jurisdiction

Petitioner signed and declared under penalty of perjury that he mailed his petition from the United States Prison at Atwater (USPA) on March 25, 2013. (Doc. 1, 5.) The petition was deemed filed on

that date pursuant to the "mailbox rule," which was initially developed in case law and is reflected in Habeas Rule 3(d) and Rule 3(d) of the Rules Governing § 2255 Proceedings for the United States District Courts. Pursuant to the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). Rule 3(d) requires an inmate to use the custodial institution's system designed for legal mail and provides for a showing of timely filing by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage. The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed. Houston v. Lack, 487 U.S. at 275-76; Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001). The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

4

Respondent represents that after the petition was mailed but before the petition was "filed," Petitioner was transferred to United States Prison at Allenwood on March 27, 2013. (Doc. 17, 2.) The Court notes that Petitioner filed in this Court a notification of change of address that was signed on April 15, 2013. (Doc. 6.) Respondent declines to challenge the Court's jurisdiction over Respondent Copenhaver, Warden of USPA, in view of the foregoing facts. (Doc. 17, at 3:10-11, and at 2-3.)

This Court has jurisdiction over Petitioner's custodian. Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 499-500; Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Here, the petition was deemed filed as of the time it was mailed; thus, the record reflects that Petitioner's custodian was in the territorial jurisdiction of this Court at the time the petition was filed.

### B. Transfer

Respondent acknowledges that venue is proper in this district. (Doc. 17, 3:14-15.) However, Respondent seeks a transfer, asserting that exercising jurisdiction in this case would be anomalous. However, as the foregoing authorities demonstrate, no anomaly is present; rather, Petitioner was transferred after jurisdiction attached. Respondent also argues that transfer would be more practical and allow for a more efficient adjudication of the petition. However, Respondent cites no facts in support of this argument. The district of Petitioner's present custodial institution is not the district in which Petitioner was sentenced, and it appears that full documentation of Petitioner's restitution history is before the Court.

Respondent contends that this Court's decision in this case will be subject to review in Petitioner's present district, and further, that any determinations this Court would make on the merits of the petition concern Petitioner's sentence and are thus beyond the authority of this Court to undertake in a petition pursuant to 28 U.S.C. § 2241. As the following analysis will show, to the extent that this Court might be considered to have jurisdiction to reach the merits of the petition, this Court addresses only the authority of the BOP to collect restitution and does not purport to affect the sentence imposed on Petitioner.

Accordingly, the request for transfer will be denied.

6

III. <u>Background</u>

After filing his petition on March 25, 2013, Petitioner filed a supplement to the petition on April 26, 2013. In the petition, Petitioner challenges the authority of the Federal Bureau of Prisons (BOP) to set a payment schedule for, and to collect, the payment of restitution. Specifically, Petitioner challenges his participation in the BOP's Inmate Financial Responsibility Program (IFRP) as a violation of the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3663A. (Doc. 1, 1-5.)

Documentation submitted to the Court by Respondent in connection with the motion to dismiss establishes that pursuant to convictions of being a felon in possession of a firearm, conspiracy, bank robbery, and causing death of another through use of a semi-automatic assault weapon in relation to a crime of violence, Petitioner was sentenced to one hundred and twenty (120) months plus life in prison in <u>United States v. Jones</u>, case number 3:97CR00169-002, in the United States District Court for the Eastern District of Virginia, on June 18, 1998. (Mot. to dism., decl. of Vickers & abs. of jdgmt., doc. 17-1 at 3, 7-9.) The judgment in the criminal case provided that the defendant should pay a total of $500 in financial penalties and further provided:

> The defendant shall make restitution to the following persons in the following amounts:
>
> <u>Name of Payee</u>
>
> The defendant will be ordered to pay full restitution in this case. The defendant is held jointly and severally liable for restitution. The defendant shall participate in the Inmate Financial Responsibility Program while incarcerated, if deemed appropriate. If the defendant is released from prison, the balance of the unpaid restitution shall be paid in monthly installment payments of no less than

7

> $250.  Restitution will be due and payable immediately.
> FURTHER ORDER OF RESTITUTION TO ENTER.
>
> Each restitution payment shall be divided proportionately
> among the payees named unless specified in the priority
> payment column above.
>
> Payments shall be applied in the following order:
> (a) assessment; (2) restitution; (3) fine principal;
> (4) cost of prosecution; (5) interest; (6) penalties.
>
> The total fine and other monetary penalties shall be due
> as follows:
> [x]  in full immediately....
>
> All financial penalty payments are to be made to the Clerk
> of Court, except those payments made through the Bureau
> of Prisons' Inmate Financial Responsibility Program.

(Doc. 17-1, 12-13.)

A "RESTITUTION JUDGMENT" was filed in the criminal action.  In the restitution judgment, it states that in case of a conflict between the restitution judgment and the judgment in the criminal case, the restitution judgment governs.  (Id. at 15.)  The total amount of restitution that the two defendants were ordered to pay was $1,227,970.70, with each defendant's liability joint and several.  Amounts were stated for direct victims and indirect victims.  (Id. at 16.)  With respect to payment and collection, the restitution judgment provides:

> 4.  Payment.  Payment is due immediately.  The United
> States may enforce the restitution judgment in accordance
> with 18 U.S.C. §§ 3613 and 3664(m)(1)(B).
>
> 5.  BOP Collection.  The Bureau of Prisons may require
> the defendant to participate in its Inmate Financial
> Responsibility Program.
> ...
> 8.  Place of Payment.  All restitution shall be paid to the

8

Clerk of Court, United States District Court. (Doc. 17-1, 17.)  The document also makes provisions for payments to direct victims in full before indirect victims are paid, and for payments to insurers of amounts of recoverable losses.  (Id. at 18.)  It also specifies the order and amounts of payments to victims to be made by the clerk.

Although Petitioner's penalty assessment has expired, restitution in the amount of $1,227,970.70 remains owing.  (Id. at 22.)  Paperwork signed in April 2013 shows that Petitioner agreed to participate in the IFRP and to submit payments towards satisfaction of his financial obligation in the amount of $25.00 per quarter beginning on September 2013 until the obligation is satisfied.  (Id. at 24.)  Since December 11, 1999, Petitioner made twenty-four IFRP payments ranging in amount from $10.00 to $50.00.  (Id. at 4, 27-28.)

IV.   Subject Matter Jurisdiction

Respondent argues that this Court lacks subject matter jurisdiction because Petitioner is actually challenging his sentence and not the execution of his sentence.

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006);

9

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. Hernandez v. Campbell, 204 F.3d at 864; Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d at 897;  Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner is arguing that the BOP lacks authority to set a payment schedule where the sentencing court has not done so. Although Respondent characterizes this as an attack on Petitioner's sentence, it may likewise be viewed legitimately as a challenge regarding the execution of Petitioner's sentence concerning the ongoing collection of restitution and the authority of the BOP to set forth a payment schedule and collect restitution pursuant to it. In Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), the court held in a proceeding pursuant to § 2241 that because the sentencing court did not set forth a proper payment schedule in the restitution order, the court's order was unlawful, and the BOP therefore lacked the authority to collect restitution payments from Ward through the IFRP.  Ward, 678 F.3d at 1051.  Although subject matter jurisdiction was not discussed, the Court considered the issue of collection of restitution in terms that apply to Petitioner's case also, namely,

the authority of the BOP to execute Petitioner's sentence in the manner of which Petitioner complains.

The Court concludes that it has subject matter jurisdiction to consider whether the BOP has the authority to collect Petitioner's restitution.

### V. Failure to Exhaust Judicial Remedies

Although Respondent concedes that Petitioner exhausted administrative remedies (mot., doc. 17, 3:27-28), Respondent contends that Petitioner waived his contention concerning the unlawfulness or legal insufficiency of the restitution order by not raising it on appeal from the judgment.  Respondent informs the Court that in the course of Petitioner's appeal from the judgment in the Fourth Circuit Court of Appeals, which was decided in 2000, Petitioner did not raise any issue concerning the restitution order that was part and parcel of the sentence.  Further, Respondent is unaware of any § 2255 motion filed by Petitioner challenging the restitution terms of his sentence.  Petitioner has not brought to the Court's attention any documentation of efforts to challenge the restitution order in the process of direct appeal or by proceeding pursuant to § 2255.

Title 28 U.S.C. § 2241 does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.  However, as a prudential matter, it is required that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012); Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006); Brown v. Rison, 895 F.2d

11

1  533, 535 (9th Cir. 1990), overruled on other grounds in Reno v.
2  Koray, 515 U.S. 50, 54-55 (1995).  The exhaustion requirement in
3  § 2241 cases is subject to waiver because it is not required by
4  statute and is thus not a "jurisdictional" prerequisite.  Brown, 895
5  F.2d at 535.  It has been acknowledged that the exhaustion
6  requirement may be waived or excused in various circumstances, such
7  as where the remedy provides no genuine opportunity for adequate or
8  efficacious relief, or pursuit of it would be futile; irreparable
9  injury might occur without immediate judicial relief; the remedial
10 proceedings would be void; or some instances of a complaining
11 party's raising a substantial constitutional question.  Laing v.
12 Ashcroft, 370 F.3d 994, 1000-1001 (9th Cir. 1994).
13      Specifically, non-constitutional and non-jurisdictional claims
14 that could have been raised on appeal, but were not, may not be
15 asserted in collateral proceedings.  Stone v. Powell, 428 U.S. 465,
16 477 n.10 (1976).  It is recognized that a non-constitutional claim
17 is not cognizable pursuant to § 2255 if it could have been raised on
18 appeal but was not so raised.  United States v. Davis, 417 U.S. 333,
19 342-465 (1974)
20      Here, the MVRA was enacted in 1996.  Ward v. Chavez, 678 F.3d
21 at 1043-44.  Petitioner does not show any legal or factual basis for
22 his failure to challenge the legal sufficiency of the restitution
23 order in his appeal from his sentence, which was imposed in 1998.
24 Although the validity of the sentencing court's restitution order
25 and the authority of the BOP to enforce the order may be viewed as
26 separate questions, resolution of the issue in the context of a
27 challenge to the terms of Petitioner's sentence would have
28 eliminated the issue concerning the BOP's authority.  The Court

concludes that Petitioner's failure to exhaust his judicial remedies may be held to bar relief pursuant to § 2241 and to require dismissal of the petition.

However, it may be contended that Petitioner does not seek to invalidate any portion of his sentence, but rather seeks only to raise a claim concerning the execution of his sentence, namely, the authority of the BOP to engage in the ongoing activity of collecting the restitution ordered by the sentencing court.

Accordingly, in an abundance of caution, the Court will consider the merits of the petition.

### VI. Collection of Restitution by the BOP

#### A. Delegation of the Duty to Schedule Payment of Restitution

The MVRA provides in pertinent part as follows:

> (f)(1)(A) In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.
>
> (B) In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.
>
> (2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of--
>
> > (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
> >
> > (B) projected earnings and other income of the defendant; and

        (C) any financial obligations of the defendant;
including obligations to dependents.

18 U.S.C. § 3664(f)(1)-(2). The statute has been construed to require the court itself to specify the manner in which, and the schedule according to which, the restitution is to be paid; the court's duty to set a schedule for the payment of restitution is non-delegable. United States v. Gunning (Gunning I), 339 F.3d 948, 949 (9th Cir. 2003) (holding that a district court's order making restitution payable "immediately," with any amount unpaid after the defendant's release "to be paid during the period of supervision as directed by a U.S. probation officer," assigned full control of subsequent payment to the probation office and thus constituted an impermissible delegation of the court's authority to the probation officer); United States v. Gunning (Gunning II), 401 F.3d 1145, 1149 (9th Cir. 2005) (holding that the district court's order directing the payment of restitution "immediately," to be paid through the BOP's IFRP program during the time that the defendant was imprisoned, and to be paid in monthly installments of not less than ten percent of the defendant's gross income commencing thirty days after release from imprisonment, constituted an impermissible delegation of authority because there was no adequate provision for payment during the period of imprisonment between the petitioner's sentencing and the petitioner's supervised release).

    Pursuant to this line of cases, a district court's order that restitution is due or be paid "immediately," made with an expectation that the BOP or probation will work out the details of payment over time, constitutes an impermissible delegation of authority. Ward v. Chavez, 678 F.3d at 1047-48.

An order to pay restitution immediately may be permissible if it involves no delegation of the scheduling of payment, such as where the court determines that the defendant has the financial ability to pay the restitution in full immediately.  However, a sentencing court has a duty to consider the defendant's financial position in determining a restitution payment schedule.  18 U.S.C. § 3664(f)(2); United States v. Martin, 278 F.3d 988, 1006 (9th Cir. 2002); Ward v. Chavez, 678 F.3d at 1048-49.  The statute governing the mode of payment of restitution provides, "A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d).  Where a district court determines that the defendant's financial resources are such that periodic payments are unwarranted, then it is appropriate for a district court to order payment immediately; in such circumstances, no improper delegation occurs.  Ward v. Chavez, 678 F.3d at 1049-50; United States v. Martin, 278 F.3d 988, 1006 (9th Cir. 2005) (holding that it was correct to order immediate payment where the district court had before it information concerning the defendant's financial resources that it presumably considered and found insufficient to warrant periodic payments).  In contrast, where the defendant has insufficient financial resources to make immediate repayment, then the district court, as distinct from the BOP or probation, must set a repayment schedule in the judgment of conviction in order to discharge its duties under the MVRA.  Ward v. Chavez, 678 F.3d at 1049.  Where a court orders immediate payment without considering the defendant's ability to pay, the restitution order is likewise

insufficient because of a failure to set forth a schedule. Id. The court in Ward v. Chavez summarized the authorities as follows:

> For a restitution order to be lawful, therefore, § 3664 requires that the district court set a schedule in consideration of the defendant's financial resources. If the court considers the defendant's financial resources and concludes that periodic payments are unwarranted "in the interest of justice," the order is lawful, as we concluded in Martin. If, however, the district court simply orders immediate repayment and leaves it to another agency, like the BOP, to actually set the payment schedule that the statute obligates the court to determine, that order is unlawful, as the district court has abdicated in its duty to set the schedule "in consideration of" the financial circumstances of the defendant.

Ward v. Chavez, 678 F.3d at 1050.

Here, the criminal judgment specified the persons to whom payment was to be made, scheduled monthly installment payments in an amount no less than $250.00 for any balance of unpaid restitution remaining owing upon the defendant's release from prison, but failed to schedule payments during the Petitioner's imprisonment. The restitution judgment set forth the names of the victim payees and the total amount of restitution, but it failed to set forth any schedule pursuant to which Petitioner was to make the payments, except if Petitioner were released from prison, a circumstance warranting specification of a precise installment payment schedule of monies to be paid to the court clerk. It thus appears that the sentencing court did not set forth a complete payment schedule.

However, the restitution judgment expressly provided that it was imposed pursuant to the MVRA (doc. 17-1, 15), and it states with respect to interest, "Interest is waived as the Court determines that the defendant does not have the ability to pay interest." (Id. at 16.) It thus affirmatively appears from the record that the

16

sentencing court considered the financial ability of the defendant in connection with setting the defendant's restitution obligation. In contrast to the consideration given by the sentencing court here, the court in Ward v. Chavez acknowledged that it did not consider the defendant's financial ability and left to BOP to work out the details. Id. At 1050.

As in United States v. Martin, 278 F.3d 988, it must be presumed that the sentencing court considered information that was sufficient for it to conclude that the petitioner was financially able to pay restitution immediately; Petitioner has made no showing that the sentencing court failed to consider his financial condition when imposing restitution.

Accordingly, the Court concludes that Petitioner has not shown that the trial court's order of immediate payment of restitution involved an impermissible delegation of its authority to set a payment schedule.

B.  Use of the IFRP to Collect Restitution

Petitioner argues that his participation in the IFRP violates the MVPA.

With respect to the use of the IFRP to collect restitution, as long as the sentencing court's restitution order adequately specifies the amount and rate of payment, then it is permissible for a district court to require the payment be "pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program." United States v. Lemoine, 546 F.3d 1042, 1046-50 (9th Cir. 2008).  In Lemoine, the court held that a district court's order to pay restitution of a specified total amount during imprisonment "at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate

Financial Responsibility Program," was not an impermissible delegation because the sentencing court had set forth a restitution repayment schedule. Id. Further, in such circumstances, it was appropriate and not an unlawful delegation for the BOP to operate a voluntary program such as the IFRP to collect restitution, and it was even permissible for the IFRP to require higher payments than the sentencing court had specified because the inmate had agreed to participate in the IFRP. The court determined that the inmate's participation in the IFRP was voluntary despite the prison's penalizing inmates for failure to participate in the program with limitations on living and work assignments, benefits, and privileges because the consequences are not punitive and do not amount to atypical and significant hardships in the context of normal prison life. Further, the consequences are reasonably related to the government's legitimate penological interest in rehabilitation, and the program promotes acceptance of responsibility and fulfillment of the obligation to make restitution to victims. Id. at 1049-50.

    Here, Petitioner has repeatedly consented to participate in the IFP program and has made substantial payments through the program. No circumstance appears that would render Petitioner's participation in the IFRP involuntary. In light of the apparent legal sufficiency of the sentencing court's restitution order, the Court concludes that Petitioner has not shown that his voluntary participation in the IFRP violated the MVRP or was otherwise in violation of federal law.

/////
/////
//////

VII. Disposition

Accordingly, it is ORDERED that:

1) Respondent's request to transfer the petition is DENIED; and

2) Respondent's motion to dismiss the petition for writ of habeas corpus is GRANTED, and the petition is DISMISSED; or

3) In the alternative, the petition for writ of habeas corpus is DENIED; and

4) The Clerk is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

Dated:   **December 20, 2013**         /s/ *Barbara A. McAuliffe*         
                                        UNITED STATES MAGISTRATE JUDGE